UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNDRAY KNIGHTEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:15-cv-00205-TWP-DML |
| DUSHAN ZATECKY, *et al.* | ) ) ) |
| Defendants. | ) |

**Entry Discussing Motion to Appoint Counsel**

This matter is before the court on Mr. Knighten's Motion to Appoint Counsel. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993). The plaintiff asserts that he has been unsuccessful in recruiting representation on his own. Although the Court concludes, based on the above filing, that the plaintiff has made a reasonable effort to secure representation, he should continue his own effort.

The Court proceeds to the second inquiry required in these circumstances. The Court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help

the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

The Court will not make an outright request that counsel represent the plaintiff at this time. The issue raised in the complaint, that the defendant exercised excessive force against Mr. Knighten, is not complex. In addition, based on the plaintiff's comprehensible filings, his use of the court's processes, his familiarity with the factual circumstances surrounding his claim, the plaintiff is competent to litigate on his own. If he chooses to renew his request for the appointment of counsel, he must provide the court with a list of the names of organizations and/or law firms he has contacted. In addition, he should provide the following information: 1) his educational background (how far he went in school); 2) whether he has any difficulty reading or writing English and, if so, what those difficulties are; 3) whether in filing this action he has received assistance and how much from any others, including fellow inmates; 4) whether he has filed any other *pro se* cases and, if so, where and what kind; and 5) whether he has any physical or mental disabilities.

Based on the foregoing, therefore, the plaintiff's motion for appointment of counsel [dkt 14] is **denied** for the present.

**IT IS SO ORDERED.**

Date: 6/12/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

UNDRAY KNIGHTEN
111206
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only